NEW-YORK PRACTICE REPORTS. 5

The People *ex rel.* Debenetti agt. Gale, clerk, &c.

## SUPREME COURT.

THE PEOPLE on the relation of DEBENETTI agt. GALE, Clerk of the Marine Court.

*Appeals* from the marine court to the common pleas can only be taken from decisions at the *general term* of the marine court. (*The same decision is made in The People ex rel. De La Figaniere agt. Justices of Marine Court,* 11 *How. Pr. R.* 400, *and in White agt. Anderson,* 12 *id.* 377.)

An application for a *mandamus* to compel the marine court to issue execution upon a judgment, rendered by that court, must be made against the *clerk* of the court. Because, by the act organizing that court, (2 *R. L.* 383, § 111,) there is an express provision making it the duty of the clerk, and not of the court, to issue all process.

*New-York Special Term,* 1856.

APPLICATION for a mandamus against the clerk of the marine court, New-York.

AMOS K. HADLEY, *for relator.*
THOMAS NELSON, *opposed.*

CLERKE, Justice. The opinion which I incidentally expressed in *The People on the relation of De La Figaniere* agt. *The Justices of the Marine Court,* (11 *How. Pr. R.* 400,) I have discovered no reason to change now, when the question to which it refers comes directly before me in the present case. I still hold, and now expressly decide, that appeals from the marine court to the common pleas can only be taken from decisions of the general term of the marine court. My reasons, though briefly, are, I think, sufficiently stated in the latter part of the decision in De La Figaniere's case.

With regard to the other question presented on behalf of the defendant, that the application should be made against the justices, and not against the clerk of the court; that undoubtedly would be the only proper course, if an express provision did

not make it the duty of the clerk, and not of the court, to issue process. The act relating to the organization of the marine court, then called, "The Justices' Court of the city New-York," (2 *R. L. p.* 383, § 111,) enacts, that " all applications for process for the recovery of any debt or demand, to be holden by virtue of this act, before the said justices, shall be made to *the clerk of the said court, and not otherwise,* and that all process, to be issued out of said court, shall be tested in the name of said justices, and *be signed by the clerk of the said court with his name,*" &c. So that the act makes it the duty of the clerk, and of the clerk alone, to issue process; and when a duty is imposed upon any public officer, which he neglects or refuses to perform, it necessarily follows that the application for a mandamus is properly against him alone, whatever may be the relation in which he stands to others in the same department. From the terms of the act it appears that the duty of the justices is only to entertain the action, make the necessary collateral orders, if any should be necessary, decide the issues, and render judgment. The issuing of the execution pursuant to the judgment is purely and exclusively a ministerial duty, to be performed manually by the clerk; and if we issued a mandamus to the justices, ordering them to perform it, it would be contrary to the provision which I have quoted. All that they could do in obedience to the order would be to endeavor to prevail upon the clerk to sign and issue the execution, or perhaps they may have some means of compelling him to do it. But it is clear that they cannot, in their own persons, perform the act: it is not their duty to perform it; and, consequently, a mandamus against them would be entirely nugatory.

Application granted, without costs.